# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

TOMMY STURDIVANT, AIS # 148248, *
                                 *
    Plaintiff,              *
                                 *
vs.                              *   CIVIL ACTION: 12-0681-CB-B
                                 *
CHOCTAW COUNTY, ALABAMA, *et al.*,*
                                 *
    Defendants.             *

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**I. Complaint. (Doc. 1).**

On October 26, 2012, the Court received Plaintiff's complaint which names as Defendants Choctaw County, Alabama, and its Commissioners "in 2010," Probate Judge D. Wayne May "in 2010," and Sheriff James Lovett "in 2010." (Doc. 1 at 5). Plaintiff asserts that on October 28, 2010, the State Fire Marshal ordered the Choctaw County Jail ("jail") to shut down by

October 29, 2010 because the jail had bad wiring and lead paint, which posed a hazard to inmates and their family members. (Id., at 4, 5, 9). Plaintiff further alleges that "[f]rom 1964[,] when the Choctaw County Jail was built[,] no one never reported the lead paint being inside the Choctaw County Jail. Not the Sheriff[]s and[/]or probate judge and[/] or County Health Department and[/]or county fire marshal[]s and[/]or commission[]s." (Id., at 9). According to Plaintiff, prior to the State Fire Marshal's inspection, Defendant Lovett had ordered Plaintiff and three other inmates to scrape lead paint off the walls and ceilings of three cells on second floor of the jail in July, 2010. (Id., at 4, 10).

Plaintiff relates that he has been in and out of the jail through the years and now, he has a hard time remembering things. (Id., at 5). He believes that the lead paint has caused him to suffer brain damage, a mental disorder, and lung disease and/or C.O.P.D. (Id.). He also theorizes that because his mother visited him at the jail over the years, her death in "2008 or 2009" from cancer "could have been because of lead paint from the Choctaw County Jail." (Id., at 4-5).

Additionally, Plaintiff complains about being placed in the hole for thirty days in 2007, which he alleges violated due process. (Id., at 8). He claims that he was placed in the hole

2

because he broke his hand, and that the fracture of his right hand, which resulted in a cast being placed on his right arm and hand, was caused by Defendant Lovett's negligence in having a steel table without bolts. (Id.). According to Plaintiff, he suffered physically and mentally due to the conditions in the hole, namely, not being allowed to shower for fifteen days, and being at the mercy of trustees when he needed drinking water, medications, and a clean a blanket and sheets. (Id.).

Plaintiff contends that he filed two motions in the circuit court to have a doctor remove his cast, and his lawyer filed two motions for medical treatment, with the last motion being filed on January 17, 2008. (Id.). According to Plaintiff, the judge ruled that these matters were in the sheriff's jurisdiction, not his jurisdiction. (Id.).

Plaintiff also alleges that because Defendant Lovett would not take him to the doctor for the pain in his hand, Plaintiff re-broke his right hand. (Id., at 9). Per Plaintiff, at the that time, his hand had been in a cast for fifteen weeks and three days, which Plaintiff contends was seven weeks, three days too long. (Id.). Plaintiff alleges that when he re-broke his hand, Defendant Lovett ordered that he be placed in the hole. (Id.). Plaintiff further alleges that he was put in the hole for five hours without receiving medical treatment or a hearing,

3

and that he did not see anyone from the Health Department from March 9, 2007 to June 2008 and then from May 14, 2010 until October 29, 2010. (Id.).

For relief, Plaintiff seeks an order directing Choctaw County to pay him $850,000 for his mother's death,[1] $850,000 for his exposure to lead paint, and $100,000.00 in attorney fees. (Id. at 7). In addition, Plaintiff seeks $10,000.00 in compensatory damages, $300,000.00 in punitive damages, a declaratory judgment that his rights were violated under the Constitution and the Eighth and Fourteenth Amendments, the costs of this action, and "any additional relief this court deems just[,] proper[,] and equitable." (Id. at 9). He also states that he needs surgery on his right hand because his little finger is growing over his ring finger and at times, is painful. (Id.).[2]

---

[1] The Court notes that there is a "general prohibition on a litigant's raising another person's legal rights." Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984). Due to the disposition of this action, the Court will discuss whether Plaintiff has standing to bring a claim for his mother's death.

[2] Subsequent to filing his original complaint, Plaintiff filed an amended complaint (Doc. 6). The amended complaint is not signed, is not sworn under under penalty of perjury, and is chiefly comprised of requests for subpoenas. (Id., at 1, 3). Because the Amended Complaint is not signed, it is due to be **STRICKEN.**

In addition to his allegations regarding subpoenas,

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be

---

Plaintiff asserts that "Sheriff Lovette knew or should have known the lead paint dust would get into [his] lungs without some kind of mask to put over [his] face. It was a[n] 'EVIL INTENT.' In order to remove hazard[ous] material lead paint a person has to be license[d] and wear a special suit in order to remove hazard[ous] material[,] lead paint." (Id., ¶ 14). Plaintiff also claims that Defendant "Lovette and [the] Choctaw County Probate Judge caused [him] to have a breathing problem for the rest of [his] life [and that Defendant] Lovette hurt [him] physical[ly] and mentally on purpose." (Id., ¶¶ 14-16). Plaintiff also attached an excerpt of his case action summary for the period November 27, 2007 through December 3, 2008. (Id., at 4).

Plaintiff also requested the Court to take notice of the decision in Nicholson v. Choctaw County, Ala., 78-407-P [498 F. Supp. 295 (S.D. Ala. 1980)], for the proposition that only Nicholson did not know about the lead paint at the jail. (Id., at 3, ¶ 19). After reviewing the decision in Nicholson v. Choctaw County, Ala., *supra*, the Court finds that no reference is made to lead paint or to paint among the numerous other conditions that were litigated concerning the jail at that time. The Court further notes the sheriff at that time was Donald Lolley, not Defendant Lovette.

Finally, Plaintiff's unsworn allegations in the amended complaint indicating that Defendant Lovette knew of the lead paint contradict the allegations in the complaint, which were sworn to under penalty of perjury (Doc. 1 at 9). The Court therefore finds the unsworn allegations in amended complaint regarding Defendants' knowledge to be without a factual basis; therefore, they are frivolous. Cf. Battle v. Central State Hosp., 898 F.2d 126, 130 n.3 (11th Cir. 1990) (observing that "allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal" as baseless).

dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id., at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

   **A.  Applicability of the Statute of Limitations.**

Plaintiff's claims based on his placement in the hole, the inadequate treatment received for his broken hand, and the rulings made by an unidentified judge regarding medical treatment, all of which are identified as having occurred in 2007 or 2008, are barred by the statute of limitations. A two-year statute of limitations exists in Alabama for § 1983 actions. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir. 1992), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). The statute of limitations for a § 1983 action is borrowed from the state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007); Owens v. Okure, 488 U.S. 235, 239, 109 S. Ct. 573, 576, 102 L. Ed. 2d 594 (1989), because § 1983 does not contain a statute of limitations. Id., 488 U.S. at 249-50. Alabama's two-year statute of limitations for personal injuries is used for § 1983 actions filed in Alabama. Lufkin, 956 F.2d at 1105, 1108 n.2; accord McNair v. Allen, 515 F.3d 1168, 1170 (11th Cir. 2008) (applying the two-year statute of limitations to a § 1983 action).

Even though state law determines the length of the limitations period, federal law governs when the cause of action accrues. Wallace, 549 U.S. at 388. Under federal law, "[accrual

occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a § 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured). Therefore, considering the tenor of Plaintiff's allegations, he knew of any injury related to being in the hole, to his broken hand, and to the rulings by the judge at the time those actions transpired in 2007 and 2008; therefore, he had complete causes of action on which to file an action in 2007 and 2008.

Nonetheless, Plaintiff's complaint was signed on October 24, 2012, which is more than two years from when his claims accrued.[3] Accordingly, Plaintiff's claims based on his placement in the hole, the inadequate treatment received for his broken hand, and the rulings made by an unidentified judge regarding medical treatment are barred by the statute of limitations. As a consequence, the Court finds these claims are due to be

---

[3] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Although the Clerk received the complaint on October 26, 2012, the filing date is the date that Plaintiff signed the complaint and tendered it to jail officials for mailing. (Doc. 1).

dismissed with prejudice as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); Simon v. Georgia, 282 F. App'x 739, 739-40 (11th Cir. 2008) (unpublished) (affirming a frivolous dismissal on statute of limitations grounds after Bock);[4] cf. Bock, 549 U.S. at 215 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal for failure to state a claim).

### B. Eighth Amendment Claims Lack Subjective Element of Deliberate Indifference.

Plaintiff's remaining claims involve his allegation that Defendant Lovette ordered him and other inmates to scrape lead paint off jail walls in July, 2010,[5] and that in 2010 Defendants May, Lovette, Choctaw County, and Commissioners exposed him to a health hazard when he was placed in a jail that had lead paint and bad wiring. (Doc. 1 at 4-5). However, Plaintiff also asserts that "from 1964 when the Choctaw County Jail was built,

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

[5] The Court is foregoing a discussion of whether the claim for scraping the lead paint off of the walls in July, 2010 is barred by the statute of limitations due to its holding that Plaintiff failed to allege that Defendants were deliberately indifferent with respect to his lead paint claims.

no one never reported the lead paint being inside the Choctaw County Jail. Not the Sheriff [,] . . . .Probate Judge[,] . . . County Health Department[,] . . . County Fire Marshal[,] . . . or Commission[ers]." (Id. at 9).

Plaintiff has not specified whether he was a pretrial detainee or a convicted prisoner at the time these claims based on his living conditions arose. If he was a pretrial detainee, see Doc. 1 at 6, the Fourteenth Amendment governs his claims. On the other hand, if he was a convicted prisoner, his claims arise under the Eighth Amendment. Courts, however, employ the same standards under either the Eighth or Fourteenth Amendment in determining if a condition of confinement violates an inmate's constitutional rights. Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013). For the purpose of this Report and Recommendation, the Court will refer to the Eighth Amendment for simplicity's sake as many of the reported cases relied upon refer to the Eighth Amendment and confusion will be avoided.

The Constitution does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2401, 69 L. Ed. 2d 59 (1981). All that is required is that the State furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291

11

(5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); see Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986). The Eighth Amendment is violated only when prison conditions "involve the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 346.

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must satisfy an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970, 1983, 128 L. Ed. 2d 811 (1994). The objective component requires the Court to look to "contemporary standards of decency" to determine whether the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society[.]'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321,

2327, 115 L. Ed. 2d 271 (1991); see Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994) (same).

The subjective component requires that prison officials be "deliberately indifferent" to a substantial risk of serious harm. Farmer, 511 U.S. at 828-29. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. That is, because the "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions[,]' it outlaws cruel and unusual 'punishments.'" Id., at 838. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id., at 844. Furthermore, "an official's failure to alleviate a significant risk that he should have perceived[,] but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id., at 838.

In addition to satisfying both the objective and subjective components, "[a] plaintiff must also show that the

constitutional violation caused his injuries." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1028 (11th Cir. 2001); see Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995) (observing that the Eighth Amendment requires a showing of "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation"). A plaintiff must also connect each defendant to the violation of his constitutional rights. Marsh, 268 F.3d at 1059; Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

With respect to Defendant Choctaw County, "[a] local government can be [held] responsible for a constitutional violation due to its acts or omissions." Id. at 1027. Its liability is limited to only matters for which it is actually responsible. Id. In Alabama a county is responsible for erecting and maintaining a jail. Id., at n.7 (citing ALA. CODE §§ 11-14-10, 11-14-13 (1989)). However, the county is not responsible for operating the jail. Id. Thus, an Alabama county can only be found to have violated the Eighth Amendment "if its failure to maintain the Jail constituted deliberate indifference to a substantial risk of serious harm to the prisoners." Id., at 1027. And, the plaintiff bears the burden of showing that a county was aware of the complained of condition. Id.; see generally Turquitt v. Jefferson Cnty., Ala., 137 F.3d 1285,

1289-91 (11th Cir. 1998) (discussing an Alabama county's responsibilities to a county jail), cert. denied, 525 U.S. 874 (1998).

Upon an examination of the allegations in Plaintiff's complaint, the Court finds Plaintiff did not allege that Defendants knew that the jail's paint contained lead, only that he was directed to scrap paint. Plaintiff, however, is required to show that each Defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety" in order to show a deliberate indifference for an Eighth Amendment claim. Farmer, 511 U.S. at 837. If a Defendant did not know that there was lead in the paint, then the Defendant cannot be found to be deliberately indifferent. Furthermore, if Plaintiff were to argue that a Defendant should have known, a Defendant's failure to perceive "a significant risk . . . but did not, while no cause for commendation" is not deliberate indifference. Id., at 838.

In order to state an Eighth Amendment claim, each element must be satisfied. Hale, 50 F.3d at 1582 (an Eighth Amendment claim requires: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation"). Plaintiff, however, did not allege and did not show with supporting facts that each Defendant was deliberately

15

indifferent. Because Plaintiff did not allege this subjective element of an Eighth Amendment claim, he fails to state a plausible Eighth Amendment claim. Accordingly, Plaintiff's Eighth Amendment claims are due to be dismissed with prejudice, in light of the tenor of his allegations.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific,

16

an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **6th** day of **January, 2014.**

                                   **/s/SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**